CLERK'S OFFICE U.S. DIST COURT
AT ROANOKE, VA
FILED

JUN 25 2010

JOHN F. CORCORAN, CLERK
BY:
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| MARK ANTHONY BURTON, | |
| Petitioner, | Case No. 7:10CV00275 |
| v. | MEMORANDUM OPINION |
| COMMONWEALTH OF VIRGINIA, | By: Glen E. Conrad |
| Respondents. | United States District Judge |

Petitioner Mark Anthony Burton, a Virginia inmate proceeding pro se, brings this action as a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2254. In his petition, Burton challenges the validity of his confinement pursuant to the January 2010 judgment of the Circuit Court for Pulaski County under which he stands convicted of fraud-related offenses and sexual battery. Upon review of the record, the court finds that the petition must be dismissed without prejudice,[1] because petitioner has not exhausted available state court remedies.

Burton alleges that his trial counsel did not provide effective assistance in preparing him for trial and in advising him about a possible appeal. On the face of his petition, he states that he has not presented any of his present claims to any higher state court on appeal or through state court habeas proceedings.

Under 28 U.S.C. § 2254(b), a federal court cannot grant a habeas petition unless the petitioner has exhausted the remedies available in the courts of the state in which he was convicted. The exhaustion requirement is satisfied by seeking review of the claims in the highest state court with jurisdiction to consider the claims. In Virginia, a non-death row inmate can exhaust his state remedies as to an ineffective assistance claim in one of two ways. First, he can file a state habeas petition with the Circuit Court where he was convicted, with an appeal of an adverse decision to the

---

[1] Rule 4 of the Rules Governing Section 2254 Cases provides that the court must dismiss a § 2254 petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief. . . . ."

Supreme Court of Virginia. Va. Code Ann. § 8.01-654(a)(1); § 17.1-411. Second, he can exhaust his remedies by filing a state habeas petition directly with the Supreme Court of Virginia. § 8.01-654(a)(1). Whichever route the inmate chooses to follow, it is clear that he must ultimately present his claims to the Supreme Court of Virginia and receive a ruling from that court before a federal district court can consider them under § 2254. See O'Sullivan v. Boerckel, 526 U.S. 828, 845 (1999).

It is clear that Burton's present claims have not been presented to or adjudicated by the Supreme Court of Virginia, and he is still within the two-year period after the judgment in which to file a state court habeas action.[2] See Virginia Code § 8.01-654(A)(2). Because Burton has available state court remedies that he has not exhausted, as required by § 2254(b), his federal petition must be dismissed without prejudice.[3] An appropriate order will issue this day.

The Clerk is directed to send copies of this memorandum opinion and accompanying order to petitioner.

ENTER: This 25th day of June, 2010.

_____
United States District Judge

---

[2] Burton is hereby advised that if he pursues a state court habeas petition, he should provide the court with a clear statement of the facts on which he bases his claims of ineffective assistance of counsel. See Strickland v. Washington, 466 U.S. 668, 685 (1984) (finding that to prove that counsel's assistance was so defective as to require reversal of his conviction or sentence, a convicted defendant must establish specific respects in which counsel's representation was deficient and must demonstrate a reasonable probability that absent counsel's error, the outcome would have been different).

[3] The petitioner may refile his federal habeas petition if he is still unsuccessful in obtaining relief after presenting his claims to the Supreme Court of Virginia. The petitioner is advised, however, that the time for filing a state or federal habeas petition is limited. See 28 U.S.C. § 2244(d). The federal filing period will not begin to run, however, while any properly filed state post conviction proceeding is pending, such as a state habeas petition. § 2244(d)(2).